## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case |
| GEOKINETICS INC., *et al.*, ) | No. 18-33410 |
| ) | Chapter 11 |
| Debtors.[1] ) | (Jointly Administered) |
| ) | |
| ) | |
| MARK E. HOLLIDAY, LIQUIDATING ) | |
| TRUSTEE, ) | |
| ) | |
| c/o Nelson Mullins Riley & Scarborough LLP ) | |
| 101 Constitution Avenue, NW, Suite 900 ) | |
| Washington, DC 20001 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. _____ |
| ) | |
| TOTAL SAFETY U.S., INC., ) | |
| ) | |
| SERVE: ) | |
| ) | |
| Total Safety U.S., Inc. ) | |
| Attention: CT Corporation Systems, Registered ) | |
| Agent ) | |
| 1999 Bryan St., Suite 900 ) | |
| Dallas, Texas 75201 ) | |
| ) | |
| Defendant. ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Geokinetics Inc. (0082); Geokinetics USA, Inc. (0110); Geokinetics Processing, Inc. (9897); Geokinetics Holdings USA, Inc. (6645); Geokinetics International Holdings, Inc. (8468); Geokinetics International, Inc. (2143); Geokinetics Exploration, Inc.; and Advanced Seismic Technology, Inc. (9540).

**COMPLAINT TO AVOID TRANSFERS,
RECOVER PROPERTY, AND FOR RELATED RELIEF**

COMES NOW Mark E. Holliday, the Liquidating Trustee (the "**Liquidating Trustee**") established pursuant to the confirmed *First Amended Joint Plan of Liquidation of Geokinetics Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (Doc. No. 443) (the "**Plan**"), by and through his undersigned counsel, and files this Complaint to Avoid Transfers, Recover Property and for Related Relief pursuant to 11 U.S.C. §§ 502, 547, 548, and 550 ("**Complaint**") against Total Safety U.S., Inc. ("**Defendant**"), stating to the Court as follows:

**BACKGROUND AND JURISDICTION**

1. On information and belief, the Defendant provided goods and/or services to the Debtors at varying times prior to June 25, 2018 ("**Petition Date**").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and (O).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. All conditions precedent to the filing of this action have occurred.

6. On the Petition Date, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**") commencing the chapter 11 cases (the "**Bankruptcy Case**").

7. On October 16, 2018, the Debtors filed the Plan.

8. On October 19, 2018, the Court entered the *Order Confirming First Amended Joint Plan of Liquidation* (Doc. No. 454).

~#4838-8924-3579~

9. On October 31, 2018, the Effective Date occurred.

10. Pursuant to the terms of the Plan, the Liquidating Trustee shall be solely responsible for prosecution and settlement of all Retained Causes of Action, including this action, following the Effective Date of the Plan.

11. Prior to the Petition Date, the Debtors were a full-service global provider of seismic data acquisition, processing, and integrated reservoir geosciences services to the oil and natural gas industry. In conducting its business operations, the Debtors regularly purchased, sold, received, and/or delivered equipment, goods and services.

12. During the ninety (90) days before the Petition Date, (the "**Preference Period**"), the Debtors continued to engage in business and regularly made payments and other transfers of property to suppliers and other parties, including the Defendant.

13. Prior to the Petition Date, the Debtors and the Defendant engaged in one or more business transactions evidenced by contracts, invoices, communications and/or other documents (collectively, the "**Agreements**").

## AVOIDABLE TRANSFERS

14. The Debtors made one or more transfers to or for the benefit of the Defendant in the amount, on the dates, from the bank accounts, and in the manner, described on the attached **Exhibit A** (each a "**Pre-Petition Transfer**" and, collectively, the "**Pre-Petition Transfers**").

## COUNT I – PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

The allegations in paragraphs 1-14 are realleged as if set forth in this count.

15. The Pre-Petition Transfers were transfers of an interest in property of the Debtors.

16. The Pre-Petition Transfers were each made on account of an antecedent debt owed by the Debtors to the Defendant before each Pre-Petition Transfer was made.

17. The Debtors were insolvent when each Pre-Petition Transfer was made.

18. The Pre-Petition Transfers were made within the Preference Period.

19. The Pre-Petition Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (b) the Pre-Petition Transfers had not been made; and (c) the Defendant received payment on its claim to the extent provided by the provisions of the Bankruptcy Code.

20. The Pre-Petition Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b).

21. The Liquidating Trustee has conducted reasonable due diligence in the circumstances of the case and has taken into account the Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).

22. The Plaintiff made demand upon the Defendant for return of the monies paid by the Pre-Petition Transfers. The Defendant has failed to remit the amount of the Pre-Petition Transfers to the Plaintiff.

23. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that each of the Pre-Petition Transfers is avoided.

### COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

The allegations in paragraphs 1-14 are realleged as if set forth in this count.

24. The Pre-Petition Transfers were made within two (2) years prior to the Petition Date.

25. The Pre-Petition Transfers were made to, or for the benefit of, the Defendant.

26. Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Pre-Petition Transfers was not on account of an antecedent debt, the Debtors did not receive

reasonably equivalent value in exchange for the Pre-Petition Transfers, because the value of the services and/or goods the Debtors received was less than the value of the Pre-Petition Transfers and the Debtors were: (i) insolvent on the dates of the Pre-Petition Transfers or became insolvent as a result of the Pre-Petition Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital at the time of, or as a result of, the Pre-Petition Transfers; and/or (iii) the Debtors intended to incur, or believed that it would incur, debts that would be beyond that Debtors' ability to pay as such debts.

27. The Pre-Petition Transfers should accordingly be avoided and set aside as fraudulent transfers pursuant to 11 U.S.C. § 548.

## **COUNT III – RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550**

The allegations in paragraphs 1-14 are realleged as if set forth in this count.

28. As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 U.S.C. §§ 547 and/or 548, respectively.

29. Defendant is the initial transferee of the Pre-Petition Transfers or the entity for whose benefit the Pre-Petition Transfers were made, or an immediate or mediate transferee of such initial transferee of the Pre-Petition Transfers.

30. The Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 U.S.C. § 550.

31. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of each of the Pre-Petition Transfers is recovered for the benefit of the estate.

## **COUNT IV – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)**

The allegations in paragraphs 1-14 are realleged as if set forth in this count.

32. The Defendant is the transferee of the Pre-Petition Transfers.

33. The Pre-Petition Transfers are recoverable by the Plaintiff under 11 U.S.C. § 550.

34. Pursuant to 11 U.S.C. § 502(d), if Defendant is liable for any of the Pre-Petition Transfers under 11 U.S.C. § 547 or §548, then any claims held by the Defendant against the Debtors' estates must be disallowed unless and until the Defendant pays the amount of the Pre-Petition Transfers to the Plaintiff.

35. The Defendant has not returned or paid the value of the Pre-Petition Transfers to the Plaintiff.

36. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 502(d) that all Defendant's claims against the Debtors' estates are disallowed.

**WHEREFORE**, the Plaintiff prays for judgment for Plaintiff and against the Defendant:

1. In the amount of the Pre-Petition Transfers, together with costs of suit incurred herein, including, without limitation, pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

2. Determining that each of the Pre-Petition Transfers is avoidable as a preferential transfer under 11 U.S.C. § 547, or alternatively, that each of the Pre-Petition Transfers is avoidable under 11 U.S.C. § 548, and that the Plaintiff is entitled to recover each of the Pre-Petition Transfers under 11 U.S.C. § 550;

3. Disallowing all of Defendant's claims against the Debtors' estates under 11 U.S.C. § 502(d), unless and until the amount of any judgment for avoidance and recovery of the Pre-Petition Transfers is paid by Defendant to Plaintiff, on behalf of the Debtors' estates;

4. Preserving each of the Pre-Petition Transfers for the benefit of the estates; and

5. For such other and further relief as the Court may deem just and proper.

Dated: May 19, 2020

/s/ Dylan G. Trache

**COUNSEL TO MARK E. HOLLIDAY, LIQUIDATING TRUSTEE**

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Dylan G. Trache (admitted *pro hac vice*)
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Phone: (202) 689-2800
Facsimile: (202) 689-2860
E-Mail: dylan.trache@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Shane G. Ramsey (admitted *pro hac vice*)
150 Fourth Avenue, North, Suite 1100
Nashville, TN 37219
Phone: (615) 664-5355
Facsimile: (615) 664-5399
E-Mail: shane.ramsey@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
C. Craig Eller (admitted *pro hac vice*)
One North Clematis Street, Suite 500
West Palm Beach, FL 33401
Phone: (561) 832-3300
Facsimile: (561) 650-1153
E-Mail: craig.eller@nelsonmullins.com

and

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Michael D. Lessne (admitted *pro hac vice*)
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Phone: (954) 764-7060
Facsimile: (954) 761-8135
E-Mail: michael.lessne@nelsonmullins.com

~#4838-8924-3579~